IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANGEL LUIS CASIANO MELENDEZ, et als.,

Plaintiffs,

v.

MUNICIPALITY OF SAN JUAN, et als.,

Defendants.

CIVIL NO. 13-1843 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

Plaintiffs Angel Luis Casiano Meléndez ("Casiano"), his wife María Isabel Pagán Rodríguez ("Pagán") and their conjugal partnership bring forth this cause of action against the Municipality of San Juan ("MSJ") and Luis Santiago Casiano[1], alleging breach of contract for the lease of a niche in the Municipal cemetery and that Plaintiffs have suffered damages as a result thereof.  (Docket Nos. 1 and 25).

On November 10, 2014, the Court held a Status Conference with the parties where they consented to proceed before a United States Magistrate Judge for all further proceedings, including the entry of judgment, which the then presiding District Judge approved.  (Docket Nos. 59 and 61).

Before the Court now is Defendant MSJ's "Motion to Dismiss the Amended Complaint" (Docket No. 30), Plaintiff's opposition thereto (Docket No. 42) and the MSJ's reply to the opposition (Docket No. 51).  For the reasons explained herein below, the Court

---

[1] Although a summons was issued for this co-Defendant, the docket shows that it was never returned executed. See Docket Nos. 5 and 8.  Furthermore, no appearance was ever made in this case by this particular co-Defendant.  In any event, the time to serve him has long passed.

GRANTS the MSJ's motion, and DISMISSES this case, WITHOUT PREJUDICE, for lack of subject matter jurisdiction.

### STANDARD

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "short and plain" statement needs only enough detail to provide a defendant with " 'fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atlantic v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955  (2007); see also Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement....' Specific facts are not necessary.").  Yet, in order to "show" an entitlement to relief a complaint must contain enough factual material "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." See, Twombly, 550 U.S. at 555, 127 S.Ct. 1955.

When addressing a motion to dismiss under Rule 12, the court must "accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiffs." Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48-49 (1st Cir. 2009). Under Twombly, 550 U.S. at 555, however, a plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions." See also, Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).  Thus, a plaintiff is now required to present allegations that "nudge [his] claims across the line from conceivable to plausible" in order

to comply with the requirements of Rule 8(a). Id. at 570; *see, e.g.* Ashcroft v. Iqbal, 129

S.Ct. 1937 (2009).

When considering a motion to dismiss, the Court's inquiry occurs in a two-step

process under the current context-based "plausibility" standard established by Twombly

and Iqbal.  First, the Court must "accept as true all of the allegations contained in a

complaint[,]" discarding legal conclusions, conclusory statements and factually threadbare

recitals of the elements of a cause of action.  Iqbal, 129 S.Ct. at 1940. Yet, the court "need

not accept as true legal conclusions from the complaint or 'naked assertion[s]' devoid of

'further factual enhancement.'" Maldonado v. Fontanes, 568 F.3d 263, 268 (1st Cir.  2009).

Under the second step of the inquiry, the Court must determine whether, based upon

all assertions that were not discarded under the first step of the inquiry, the complaint

"states a plausible claim for relief." Iqbal, 129 S.Ct. at 1950. This second step is "context-

specific" and requires that the Court draw from its own "judicial experience and common

sense" to decide whether a plaintiff has stated a claim upon which relief may be granted or

whether dismissal under Rule 12(b)(6) is appropriate. Id.

## FACTS

The dispute in this case centers around the lease of a burial niche owned by

Defendant MSJ and leased to Plaintiff Pagán on November 18, 1998 in order to bury her

deceased nephew.  At the time, Pagán leased said niche, she was married to co-plaintiff

Casiano, but he was not a signatory to the contract.  The MSJ leased niche number

1B0814-5 to Pagán for a monthly rental fee of $300.00 for a period of five years, renewable

upon application. After approximately one year had gone by, the nephew's body was moved to a cemetery in Bayamón, leaving the niche empty.

On July 14, 2000, Casiano's mother passed away and was buried in the leased niche, which at that moment was still empty. Plaintiffs, who did not live in Puerto Rico at that time, aver that they traveled to Puerto Rico several times a year and visited the grave "regularly", and had family members maintain the grave and deliver flowers. In November of 2003, the contract for the niche expired, and Pagán once again renewed it. Casiano was not a signatory to the contract.

In March, 2006, Plaintiff Casiano's father died and arrangements were made at the same cemetery to bury him. On March 28, 2006, Casiano visited the niche where his mother was buried and noticed that the niche's cement lid was new and unpainted. That same day, Casiano demanded an explanation from the MSJ as to why the lid was new and unpainted and why it had obviously been opened without his authorization, but none was forthcoming. Beginning on March 28, 2006, Plaintiffs allege they pushed Defendant MSJ for an explanation of what happened to the niche, and again, none ever came.

Two years later, and notwithstanding the lack of answers by the MSJ, on July 18, 2008, Plaintiffs again renewed the niche's lease agreement, and again only Plaintiff Pagán signed it. In the meantime, Plaintiffs sought and obtained a certification from the Puerto Rico Heath Department, confirming that an exhumation permit had not been issued for Casiano's mother, and even filed a complaint with the Puerto Rico Police, which yielded no results. A variety of other efforts, not relevant to the matters presented here, were made by Plaintiffs with other parties in order to ascertain what had happened.

Finally, on August 17, 2010, Plaintiffs applied for permission to open the grave in question, which was granted.  Plaintiffs allege that, to their surprise and in violation of the contract, the grave of Casiano's mother had indeed been previously opened and desecrated without authorization from them. The body had been exhumed from the casket where she rested and had been thrown in a plastic bag on the floor of the leased niche.  Shortly thereafter, in August 2010, Plaintiff Pagán executed a sworn affidavit, asking the MSJ to include Casiano as a party to the contract, which was subsequently signed on November 5, 2010.  Accordingly, it was not until November 5, 2010, that Plaintiff Casiano executed a contract with the Municipality.

Plaintiffs contend the desecration was performed while the MSJ had absolute custody and control of the grave, and they did not authorize the MSJ or any other person to exhume the body in the niche. They further aver the MSJ had an obligation to guarantee their peaceful enjoyment of the niche during the term of the contract while the tenant complied with all terms and conditions of the lease contract, which the MSJ breached when it allowed its employees to desecrate the body in the niche and leave it in a plastic bag, without Plaintiffs' knowledge and/or permission and without an exhumation permit. Plaintiffs assert this has caused them deep anguish and sorrow.

The MSJ now brings forth several reasons to dismiss the case, to wit: 1) the Court lacks subject matter jurisdiction because Plaintiffs' claims do not meet the jurisdictional amount since (a) Casiano only has a tort claim, not a contractual one, and the same is time-barred, and consequently, (b) on the facts as alleged, Pagán's damages alone cannot meet the $75,000 jurisdictional minimum.  The MSJ further contends that, in the alternative,

Plaintiffs failed to state a claim upon which relief may be granted pursuant to certain procedural requirements[2] which were not met.

In turn, Plaintiffs claim in their response the contract was with the conjugal partnership, as opposed to only Plaintiff Pagán; the claims are not time-barred insofar as they are in breach of contract (15 years) and not in tort (1 year); they meet the amount in controversy; and they were not required to comply with the various procedural requirements.

## LEGAL ANALYSIS

### A.    Subject Matter Jurisdiction.

When a motion to dismiss for lack of subject matter jurisdiction is filed, the plaintiff must establish that jurisdiction exists.  See Lord v. Casco Bay Weekly, Inc., 789 F.Supp. 32, 33 (D.Me.1992); see also, SURCCO v. PRASA, 157 F.Supp.2d 160, 163 (D.P.R. 2001). The First Circuit has stated that in cases such as this one, "[w]here a party challenges the accuracy of the pleaded jurisdictional facts, the court may conduct a broad inquiry, taking evidence and making findings of fact."  Hernández–Santiago v. Ecolab, Inc., 397 F.3d 30 (1st Cir.2005).  In that case, the Court can consider extrinsic materials, "and, to the extent it engages in jurisdictional fact-finding, is free to test the truthfulness of the plaintiff's allegations", see Dynamic Image Tech., Inc., v. U.S., 221 F.3d 34, 38 (1st Cir. 2000), by making reference to evidence in the record that go beyond the those allegations, and without the need to convert the motion to dismiss into one for summary judgment.  In the

---

[2]    Specifically, Defendant alleges non-compliance with the 90 day notice requirement established in P.R. Laws Ann. tit. 21, § 4703, and with a 30 day notice period prescribed for claims pursuant to the terms of the contract.

case at bar, both parties have submitted extrinsic evidence to buttress their claims, including two almost identical sworn statements from both Plaintiffs.

It is black letter law that in order for the Court to hear a case, subject matter jurisdiction must "be established as a threshold matter".  Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998).  As applicable to the present case, diversity jurisdiction requires complete diversity of citizenship between all plaintiffs and all defendants, and the amount in controversy requirement must also be met, with the damages exceeding $75,000, excluding interests and costs.  28 U.S.C. § 1332.

When engaging in this particular analysis, the Court must apply the long standing principle set forth in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938), which holds as follows: "[t]he rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." See also, Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001); Renaissance Mktg. v. Monitronics Int'l, Inc., 606 F.Supp.2d 201, 210 (D.P.R. 2009).  Normally, whatever general allegation made by the plaintiff suffices unless challenged by defendant or the Court; then "the party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount", by either amending the pleadings or by submitting affidavits.  Spielman, 251 F.3d at 5.

Plaintiff's burden, however, is not simply met by supplementing the pleadings alone, because as the Fifth Circuit so aptly put it, "jurisdiction is not conferred by the stroke of a lawyer's pen". Diefenthal v. C.A.B., 681 F.2d 1039, 1052 (5th Cir. 1982).

Therefore, as applied to the case at bar, Plaintiffs' statements that they "... met the requirements of federal Rule of Civil Procedure 8 by providing enough information in the complaint and supporting documents from which meeting the jurisdictional amount may be inferred", and that the extent of their damages "may be inferred from their own actions" is not enough at this stage, when jurisdiction has been specifically challenged by the MSJ. (Docket No. 42, p. 10). Inferences are not enough. Indeed, "[w]hen challenged, it [jurisdiction] must be adequately founded in fact." Diefenthal, 681 F.2d at 1052.  It is the Court's task to examine that evidence and determine whether it is enough to confer jurisdiction upon it.

With this standard in mind, the Court now turns to the claims before it.

**B.     Plaintiff Casiano.**

Defendant MSJ alleges that Plaintiff Casiano's breach of contract claim cannot lie, insofar as he was not a signatory to the contract until November 2010. The Court agrees.

Under Puerto Rico law, as a Court sitting in diversity must look to, it has been well established that a contract can only bind the contracting parties.  See P.R. Laws Ann, tit. 31 § 3374; ("Contracts shall only be valid between the parties who execute them and their heirs..."); see also Dennis, Metro Invs. v. City Fed. Savs., 121 D.P.R. 197, 211 (1988); Suárez v. Hernández, 56 D.P.R. 276 (1940)("Actions *ex contractu* . . . can only be prosecuted by either party to the contract against the other").  Therefore, since a contract can only bind

its signatories, it follows that a non-signatory has no standing to enforce it, or to any claims arising from it, including damages arising from non-compliance of the contract. See Pérez Sánchez v. Advisors Mortgage Investors, Inc., 130 D.P.R. 530 (1992) (an action for damages as a result of breach of contract cannot go forward if there is no previous contractual relation between the parties).

It is evident from the documents that Casiano was not a signatory to the 2003 or the 2008 contracts. Only Plaintiff Pagán signed them, and it was not until 2010 that Plaintiff Casiano signed the 2008 document (and even then, with a 2010 date). The facts in the case at bar occurred in 2006, when Plaintiffs ...“noticed that the grave had been opened without their authorization because the cement lid covering the tomb was new and unpainted. This event caused a deep pain to Plaintiffs because they had not authorized anybody to open the grave of co plaintiff Casiano’s mother, what had obviously happened, and they were unaware of what had happened to the body of his mother and who had carried out such desecration”. (Docket No. 25 ¶18). Therefore, not being a signatory to the contract - and therefore not being a contracting party – then, as a matter of law, Casiano cannot recover emotional damages from the alleged breach. See Muñiz-Olivari v. Stiefel Labs., Inc., 2008 TSPR 152 (holding that a third party, who was Plaintiff Muñiz’ wife, but a stranger to the contractual relation, lacked standing to sue under Article 1054 of the Civil Code for damages due for alleged breach of contract).

Perhaps noticing this mishap, Plaintiffs aver that Plaintiff Pagán was a signatory to the 2003 and 2008 contracts, and that because Casiano and Pagán were married at the

time, her signature on the contract binds the conjugal partnership, and somehow by extension, Casiano.  This is argument is unavailing to Plaintiffs.

In Puerto Rico, marriage creates a new entity named the conjugal partnership. See Article 1296 of the Puerto Rico Civil Code,  P.R. Laws Ann. tit. 31, § 3622. The conjugal partnership has a distinct legal personality, is regarded as a separate and distinct entity from the partners who constitute it and has a capacity to sue and be sued. It cannot, however, represent itself.  The conjugal partnership must be represented by the husband or the wife. Cosme v. 419 Ponce De León, Inc., 1996 WL 406835 *2 (D.P.R. 1996); Reyes Castillo v. Cantera Ramos, Inc., 139 D.P.R. 925 (1996).

Because of its special nature then, the conjugal partnership has different claims in law than a normal person would have.  For example, under Article 1301(2) of the Civil Code, P.R. laws Ann. tit. 31, § 3641(2), the wages and salaries received by either spouse during the marriage are considered property of the conjugal partnership.  Franco v. Mayaguez Building, Inc., 108 D.P.R. 192, 195 (1978).  Thus, claims for damages such as loss of income, which substitute salary derived from work and expenses incurred by the spouses, belong to the partnership and may only be claimed by it. Ortíz Díaz v. R & R Motors Sales, 131 D.P.R. 829 (1992); Rosario Nevárez v. Torres Gaztambide, 633 F.Supp. 287 (D.P.R. 1986). Yet, as Defendant MSJ correctly points out, "the only purpose of including a conjugal partnership as a plaintiff in a litigation would be to ensure that the final judgment is properly divided between damages for mental and/or physical suffering, which belong to the spouse personally, and the damages for loss of income which belong to the conjugal partnership".  (Docket No. 51, ¶ 7).

No claims for loss of income have been made in the present case, which, as stated above, could only be claimed by the partnership.  The claims presented in this case are only for mental anguish as a result of the alleged breach of contact, which may only be recovered by the affected plaintiff and not by the conjugal partnership.  See Fraguada Rodríguez v. Plaza Las Américas, 349 F.Supp.2d 229 (D.P.R. 2004).  And, while Plaintiffs are correct in stating that any of the spouses can act as co-administrator of the community property regime and can bind it, Plaintiffs cite no caselaw for the proposition that a non-signatory spouse can claim damages in a breach of contract claim.  The Muñiz-Olivari case, *supra*, holds otherwise.

Having established that Plaintiff Casiano lacks a breach of contract claim for damages, his claims, as Defendant argues, must be grounded in tort.  For the sake of clarity, the Court briefly summarizes the relevant timeline.

– 1998 - Pagán signs the first contract with the MSJ.

– 2003 - Pagán signs the second contract with the MSJ.

– March 28, 2006 - Plaintiffs first realize the niche had been opened.

– 2008 - Pagán signs the third contract with the MSJ.

– August 17, 2010 - The body in the niche is exhumed.

– August 26, 2010 - Pagán tells the MSJ that she wants Casiano to be included as a signatory in the 2008 contract.

–November 5, 2010 - The contract with the MSJ where Casiano becomes a signatory is signed.

As has been readily established, under Puerto Rico law, a one-year statute of limitations applies to tort claims.  P.R. Laws Ann. tit. 31, § 5298.  The prescriptive period begins to run "when the injured party knew or should have known of the injury and of the likely identity of the tortfeasor."  Tokyo Marine and Fire Ins. Co., Ltd. v. Perez & Cía. de Puerto Rico, Inc., 142 F.3d 1, 3 (1st Cir.1998). Article 1873 of Puerto Rico's Civil Code provides three mechanisms by which the prescription of actions can be tolled: by their institution before the courts, by extrajudicial claim of the creditor, or by any act of acknowledgment of the debt by the debtor.  P.R. Laws Ann. tit. 31, § 5303.

The clock therefore began ticking for Plaintiff Casiano on March 28, 2006 and he had one year to file from that date.  He did not.  The 2010 date when the exhumation was conducted cannot serve as the commencement because, as expressly admitted by Plaintiffs, they noticed something was amiss on March 28, 2006, and "[i]mmediately on the same day, the plaintiff proceeded to revisit the municipality's administration offices to gave personally notice of what happened with the grave of Casiano's mother and demanded an explanation from the Municipality of why the tomb lid was new and unpainted and why it had been opened without their authorization." See Docket No. 30, ¶ 19. Therefore, in March of 2006, Plaintiffs already knew of their injury, as they were in "deep pain" because of the condition of the niche [3], and they knew of the likely identity of the tortfeasor, since they admit that the MSJ "had absolute control of the grave."[4]  Since the Complaint was filed on November 6, 2014, Casiano's tort claim falls woefully short of being timely by several years.

---

[3] See Docket No. 25, ¶ 18.

[4] See Docket No. 25, ¶ 26.

The fact that Casiano became a signatory to the contract in 2010 does not help Plaintiffs.  As contracts cannot be retroactive in nature,[5] any contractual claim Casiano could have had must have necessarily accrued *after* he signed the contract in November 2010.  Obviously then, even if the Court were to take the August 2010 exhumation date as the date of the alleged breach, that was several months  before Casiano signed the contract. Simply put, before November 5, 2010, Casiano only had a claim in tort, which he failed to timely bring as he had until March 28, 2007 to do so.  Nor have Plaintiffs averred that they tolled the tort claims by any of the three recognized ways in which to do so, as detailed above.  Therefore, Plaintiff Casiano's claims are time-barred, and cannot lie.

### C.    Plaintiff Pagán.

Plaintiff Pagán, as signatory to all the contracts, does have standing to sue for breach of contract.  However, the MSJ claims her damages do not reach the jurisdictional amount of $75,000. The Court agrees.

In the Amended Complaint (Docket No. 25), Plaintiff Casiano requested $1,000,000.00 for alleged mental anguish, and Plaintiff Pagán sought $500,000.00 for the same.  Plaintiffs also submitted almost identical unsworn statements, alleging how close they were, how they had cared for and, at different times, taken care of Casiano's mother and how the MSJ's actions have pained them.  Based on this, they claim the amount in controversy requirement is met.

[5] See Jaap Corp. v. Departamento de Estado, 2013 TSPR 11, 2013 WL 613670, at * 1 (D.P.R. Feb. 1, 2013) where the Puerto Rico Supreme Court resolved that "retroactive government contracts are contrary to our government contracts' precepts that foster sound public administration."

Angel Luis Casiano Meléndez, et al v. Municipality of San Juan, et al
Civil No. 13-1843 (CVR)
Opinion and Order
Page 14

Upon reviewing the documents submitted in support of Plaintiffs' claims, however, the Court finds that they fail to show, with sufficient particularity, facts indicating that the damages exceed $75,000.  For starters, Plaintiff Casiano's claims must be stronger, since the decedent was his mother.  Yet, as previously stated, he was not a signatory to the contract at issue when the events occurred, and any claims he could have had in tort are time-barred, as the case was not filed within the one year statute of limitations period, as explained above.  What is left then is Pagán's claim, which is substantially weaker.  On these facts, and particularly because this is a breach of contract claim, and not a tort, the Court cannot find that the amount in controversy is met.  Put another way, Pagán suffered no physical injuries, such as severed limbs, facts which lean more generously towards meeting the amount in controversy requirement; for that reason, the Court cannot find that she has met the high jurisdictional threshold on the facts alleged, in a breach of contract case with no physical damages.

Instead of assisting the Court with some cases to demonstrate the claims before the Court do meet the amount in controversy, Plaintiffs instead opt to argue, on the facts and sworn statements as presented, why they allegedly meet it.  And while the Court must take as true all their allegations at this stage, it must see what other courts have awarded in similar cases in order to determine whether the claims presented can meet the amount in controversy.

The Torres González v. HIMA San Pablo, 650 F. Supp. 2d 131 (D.P.R. 2009) case is particularly helpful, insofar as the facts most closely resemble those in the case at bar. Plaintiffs' counsel should be familiar with  this case, since he was counsel for co-defendant

Municipality of Caguas. Plaintiff in that case claimed damages because defendant had allowed his cousin's body to decompose, thereby depriving him of a proper burial. Like in this case, that plaintiff suffered no physical damages and was not immediately related to the deceased. This Court held that plaintiff's allegations failed to show, to legal certainty, that the claim involved the jurisdictional amount of $75,000.00.

Other cases cited by Defendant fare no better for Plaintiffs, as applied to the injuries claimed in this particular case. Again, the Court must note that Plaintiff Pagán's claims are more removed than Casiano's insofar as Pagán and the deceased were not blood relatives; the deceased was Casiano's, not Pagán's mother. Specifically as applied to the case at bar, the Court finds that Plaintiff Pagán's allegations have failed to show, to legal certainty, that her damages claims meet the jurisdictional threshold amount of $75,000.00. See López Nieves v. Marrero, 939 F.Supp. 124 (D.P.R. 1996)(Court, not jury, held record failed to contain any declaration regarding the severity of the pain and emotional consequences where Plaintiff sought damages for the death of her ex-sister in law, jurisdictional amount therefore not met); González Rodríguez v. Municipio Autónomo de Caguas, 2011 PR App. LEXIS 3925 (KLAN20101687, Opinion of August 31st 2011)(Court awarded $30,000 to mother, $27,000 to brother, and $25,000 to widow of decedent where coffin negligently transported by the Municipality personnel caused it to fall and open and decedent's body fell out); Mackey v. United States, 8 F.3d 826 (D.C. Cir. 1993)(jury awarded awarding $25,000 in damages to plaintiff for hospital failure to notify her, as next of kin, about her aunt's death); Tomasits v. Cochise Memory Gardens, 721 P. 2d 1166 (Ariz. App. 1986)(jury granted $25,000.00 in punitive damages as a result of the mishandling of plaintiffs' parents

bodies by the cemetery, including their disinterment and re-interment.); Hirst v. Elgin Metal Casket Co., 438 F.Supp. 906, (D. Mont. 1977)(remitting damages totaling $6,000 to family of five for mental suffering resulting when body was exhumed and found lying in casket full of water);  Golston v. Lincoln Cemetery Inc., 573 S.W.2d 700 (Mo. App., 1978)(jury awarded the children of the decedent $15,000 each in actual damages (remitted to $6,000) and $12,000 in punitive damages to sister and one of the deceased where heavy machinery had driven over the grave and exposed the body); Carney v. Knollwood Cemetery Ass'n, 514 N.E.2d 430 (Ohio 1986)(jury awarded total of $44,000 to family of four where deceased's skeletal remains were dumped behind  cemetery).

Although most of these cases are somewhat older, the amounts awarded still fall woefully short of the jurisdictional minimum, even when amounts are converted to the value of today's dollar.  Certainly, the Torres González cases is closest, in both facts and date, to the present case, where this same Court ruled that the damages there, similar to those presented here, did not meet the amount in controversy.

Interestingly, while Plaintiffs in the aforementioned cases suffered no permanent physical damages, all the cases were brought under the tort statute, which as is well known and previously stated, allows for a more generous helping of damages because they seek to make the impaired or injured person "whole" again.  Here, Plaintiffs suffered no physical injuries, yet they posit that their damages somehow are of  "a permanent nature  as shown in their respective affidavits." (Docket No. 42, p. 11).   Yet, Pagán does not allege, for example, any need for medical services, for psychiatric care, or usage of any type of medication in order to help her cope with her alleged loss, facts which would aid the Court

in determining whether the extent of her damages reaches the jurisdictional threshold. The Court finds she does not reach it. Thus, Plaintiff Pagán's claims do not met the jurisdictional amount of $75,000.00.

## CONCLUSION

In sum, the jurisdictional issue is Plaintiffs' burden to meet and the Court finds it has not been met. Simply put, the contents of the affidavit are not enough to meet the jurisdictional threshold in this case. Thus, the claims fail, to a legal certainly, to meet the amount in controversy requirement, and this Court therefore lacks subject-matter jurisdiction over the instant case. Insofar as this analysis disposes of the totality of the case, the Court does not reach the other arguments for dismissal brought by Defendant MSJ.

For the aforementioned reasons, the Court finds it lacks subject matter jurisdiction, and DISMISSES WITHOUT PREJUDICE this case.

Judgment is to be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 10th day of December, 2014.

S/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ RIVE
UNITED STATES MAGISTRATE JUDGE